**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JORDAN DEAN WENHOLD, | | No. 4:22-CV-00105 |
| Plaintiff, | | (Chief Judge Brann) |
| v. | | |
| DR. ROBERT MARSH, *et al.*, | | |
| Defendants. | | |

**MEMORANDUM OPINION**

**FEBRUARY 17, 2022**

Plaintiff Jordan Dean Wenhold filed the instant *pro se* Section 1983[1] action

on January 19, 2022, claiming Eighth Amendment violations by three prison

officials at the State Correctional Institution, Benner Township (SCI Benner) in

Bellefonte, Pennsylvania.[2]  Because it is clear from the face of the complaint that

Wenhold fails to state a claim for relief against two of the three named Defendants,

the Court will partially dismiss Wenhold's complaint but provide him the

opportunity to amend.

---

[1]   42 U.S.C. § 1983.  Section 1983 creates a private cause of action to redress constitutional
wrongs committed by state officials.  The statute is not a source of substantive rights; it serves
as a mechanism for vindicating rights otherwise protected by federal law.  *See Gonzaga Univ.
v. Doe*, 536 U.S. 273, 284-85 (2002).

[2]   Doc. 1.

## I.      STANDARDS OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted[.]"[3]  This language closely tracks Federal Rule of Civil Procedure 12(b)(6).  Accordingly, courts apply the same standard of review to Section 1915(e)(2)(B)(ii) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[4]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[5]  The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[6]  In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[7]

---

[3]    28 U.S.C. § 1915(e)(2)(B)(ii).

[4]    *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

[5]    *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).

[6]    *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

[7]    *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[8]  At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[9]  Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[10]  Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[11]  Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12]

Because Wenhold proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[13]

## II.   DISCUSSION

Wenhold appears to allege Eighth Amendment violations for failure to protect and, possibly, deliberate indifference to serious medical needs.  In his caption, Wenhold names as defendants Superintendent Dr. Robert Marsh, Unit

---

[8]   *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).

[9]   *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).

[10]   *Id.* (quoting *Iqbal*, 556 U.S. at 679).

[11]   *Id.* (quoting *Iqbal*, 556 U.S. at 679).

[12]   *Iqbal*, 556 U.S. at 681.

[13]   *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

Manager Nelson, and Lieutenant J. Stavole.[14]  However, Wenhold fails to explain

how Marsh or Stavole were involved in the alleged civil rights violations.

### A.     Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be

"predicated solely on the operation of *respondeat superior*."[15]  Rather, a Section

1983 plaintiff must aver facts that demonstrate "the defendants' personal

involvement in the alleged misconduct."[16]  Personal involvement can include direct

wrongful conduct by a defendant, but it can also be demonstrated through

allegations of "personal direction" or of "actual knowledge and acquiescence";

however, such averments must be made with particularity.[17]

Wenhold alleges that on January 22, 2020, he was violently assaulted by his

cellmate and sustained serious injuries.[18]  He claims that, eight days before the

---

[14]   Doc. 1 at 1.  It is unclear whether Wenhold names SCI Benner as a defendant or whether he is simply identifying the address of the three individual Defendants.  To the extent that Wenhold names SCI Benner as a defendant in his Section 1983 action, he cannot proceed with such a claim.  Only "persons" are subject to suit under 42 U.S.C. § 1983, and a state prison is not a person. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64-65, 71 (1989) (explaining that a state is not a "person" for Section 1983 purposes); *Slagle v. County of Clarion*, 435 F.3d 262, 264 n.3 (3d Cir. 2006) (affirming on other grounds and observing that district court properly "dismissed Clarion County Jail as a defendant in this case," quoting district court's reasoning that "'it is well established in the Third Circuit that a prison is not a "person" subject to suit under federal civil rights laws'"); *Foye v. Wexford Health Sources Inc.*, 675 F. App'x 210, 215 (3d Cir. 2017) (nonprecedential) (dismissing Section 1983 claims against prison and Department of Corrections because they "are not persons subject to suit under" Section 1983).

[15]   *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); *see also Ashcroft v. Iqbal*, 556. U.S. 662, 676 (2009) (affirming same principle in *Bivens* context).

[16]   *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citing *Rode*, 845 F.2d at 1207).

[17]   *Id.* (quoting *Rode*, 845 F.2d at 1207).

[18]   Doc. 1 at 1.

assault, he had reported to Nelson (the Unit Manager for H-Block) that he did not feel safe with his cellmate and predicted that there "was about to be a physical altercation" between the two of them.[19]  Wenhold does not plead any plausible allegations involving Marsh or Stavole; in fact, their names do not appear anywhere in the body of the complaint.  Consequently, Wenhold has failed to state an Eighth Amendment claim against Marsh and Stavole so these Defendants must be dismissed.[20]

## B.    Leave to Amend

Generally, "*in forma pauperis* plaintiffs who file complaints subject to dismissal under [28 U.S.C. § 1915(e)(2)] should receive leave to amend unless amendment would be inequitable or futile."[21]  The Court will grant Wenhold leave to amend his complaint to rectify the deficiencies identified above.  Wenhold cannot move forward on his claims against Marsh or Stavole until he adequately explains what personal involvement—if any—the named defendants had in the alleged constitutional violations.  If Wenhold does not wish to amend his

---

[19]   *Id.* at 2.

[20]   *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Wenhold includes a single sentence in his complaint alleging that he "did not receive any medical treatment, pain pills or an ice pack for the injuries" he sustained.  Doc. 1 at 2.  To the extent that Wenhold seeks to assert a claim of deliberate indifference to serious medical needs, this single sentence is wholly insufficient to state such a claim.  *See Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (providing elements for Eighth Amendment medical needs claim).

[21]   *Grayson*, 293 F.3d at 114.

pleadings, he may proceed with his Eighth Amendment failure-to-protect claim

against Nelson alone.

## III.   CONCLUSION

Based on the foregoing, the Court will dismiss without prejudice Wenhold's

Eighth Amendment failure-to-protect claims against Marsh and Stavole pursuant to

28 U.S.C. § 1915(e)(2)(B)(ii).  Wenhold may file an amended complaint or move

forward with his single remaining Eighth Amendment failure-to-protect claim

against Nelson.  An appropriate Order follows.


BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge