# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JORDAN DEAN WENHOLD, | No. 4:22-CV-00105 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| DR. ROBERT MARSH, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION

### SEPTEMBER 6, 2022

Plaintiff Jordan Dean Wenhold was previously imprisoned at the State Correctional Institution, Benner Township (SCI Benner), located in Bellefonte, Pennsylvania. Wenhold is no longer incarcerated. He filed the instant *pro se* Section 1983[1] action claiming constitutional violations by various prison officials. Presently pending is Defendants' partial motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). The Court will grant Defendants' unopposed motion.

### I.    BACKGROUND

According to Wenhold, on January 22, 2020, he was attacked by his cellmate, James Robertson.[2] Wenhold alleges that, approximately one week

---

[1]    42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

[2]    Doc. 12 ¶ 1.

earlier, he had reported to defendant Unit Manager Abbey Nelson[3] that he did not feel safe with Robertson as a cellmate and that there was about to be a "physical altercation" between the two of them.[4]  Wenhold asserts that Nelson had responded, "I'll handle this" or "I'll take care of this" following their discussion but failed to take any action to prevent the assault.[5]

Wenhold next asserts that, directly following the January 22 attack, defendant Lieutenant John Stavola[6] placed Wenhold in administrative custody because he was "in danger from some person(s) in the Facility and cannot be protected by alternate measures."[7]  Wenhold alleges that "by filing this report [Wenhold] was punished for being a victim and was not able to do his court-ordered programming," which made him "in d[ire]ct violation of said court orders."[8]

Finally, Wenhold claims that defendant Superintendent Dr. Robert Marsh knew how dangerous Robertson was but failed to classify him as a "z-code," a classification that would have required Robertson to be celled alone.[9]

---

[3]  Defense counsel identifies this defendant as "Abbey Potts (Nelson)."  *See* Doc. 16.
[4]  Doc. 12 ¶ 1.
[5]  *Id.*
[6]  Wenhold identifies this defendant as both "Lt. J. Stavola" and "Lt. J. Stavole" in his second amended complaint.  It appears, from defense counsel's waiver of service, that this defendant's last name is "Stavola."  *See* Doc. 16.
[7]  Doc. 12 ¶ 3.
[8]  *Id.*
[9]  *Id.* ¶ 5.

Wenhold initially filed suit in January 2022.[10] In his original complaint, he named Nelson, Stavola, and Marsh as defendants, but failed to include any allegations indicating personal involvement by Stavola or Marsh.[11] The Court dismissed the claims against Stavola and Marsh but granted leave to amend.[12]

Wenhold then filed an amended complaint, but in his amended complaint he failed to include any of the allegations against Nelson that were present in the original complaint.[13] He also failed to expressly incorporate or adopt his earlier pleading.[14] The Court presumed that Wenhold was trying to "build on" his prior complaint, explained that such piecemeal pleading was both disfavored by the Court and improper without express incorporation or adoption, and gave Wenhold one final opportunity to file an all-inclusive complaint that contained all of his allegations against Nelson, Stavola, and Marsh.[15]

Wenhold filed his second amended complaint on April 8, 2022,[16] which is now the operative pleading. He appears to assert Section 1983 claims under the Eighth Amendment for failure to protect and under the Fourteenth Amendment for procedural due process violations. It is possible that he is also attempting to assert

---

[10] Doc. 1.
[11] See Doc. 8 at 4-5. Wenhold's original complaint possibly included a Section 1983 claim against SCI Benner, but that claim was dismissed. See id. at 4 n.14.
[12] See Doc. 9.
[13] See generally Doc. 10.
[14] See Doc. 11 at 1 n.4.
[15] See id. at 2.
[16] Doc. 12.

state-law negligence claims, although he references the Federal Tort Claims Act, which is inapplicable to the state actors in this lawsuit.[17] Wenhold seeks $50,000 in monetary damages from each Defendant.[18]

Defendants move to dismiss most of Wenhold's claims.[19] Wenhold has failed to respond in any way to their Rule 12(b)(6) motion. The time for briefing has passed, so the unopposed motion to dismiss is ripe for disposition.

## II.     STANDARD OF REVIEW

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[20] The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[21] In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[22]

---

[17] *See id.* ¶ 1.
[18] *Id.* ¶ 6.
[19] Doc. 17.
[20] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).
[21] *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).
[22] *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[23] At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[24] Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[25] Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[26] Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[27]

Because Wenhold proceeds *pro se*, his pleadings are to be liberally construed and his second amended complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[28]

### III. DISCUSSION

Defendants interpret Wenhold's second amended complaint as raising Section 1983 claims under the Eighth Amendment (failure to protect) and Fourteenth Amendment (procedural due process) as well as asserting state-law

---

[23] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).
[24] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).
[25] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[26] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[27] *Iqbal*, 556 U.S. at 681.
[28] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

negligence claims. The Court agrees with this liberal construction and will address the sufficiency of Wenhold's claims in turn.

### A. Eighth Amendment Failure to Protect

"Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society."[29] Prison officials, therefore, have "a duty to protect prisoners from violence at the hands of other prisoners."[30] To state an Eighth Amendment failure-to-protect claim against a prison official, the inmate must plausibly plead that "(1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to [the prisoner's] health and safety, and (3) the official's deliberate indifference caused [the prisoner] harm."[31] In this context, deliberate indifference is a subjective standard; that is, "the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety."[32] Actual knowledge or awareness of a substantial risk to an inmate's safety can be proven "in the usual ways, including inference from circumstantial evidence."[33]

---

[29] *Bistrian v. Levi*, 696 F.3d 352, 366 (3d Cir. 2012), *abrogated on other grounds by Mack v. Yost*, 968 F.3d 311 (3d Cir. 2020) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).
[30] *Id.* (quoting *Farmer*, 511 U.S. at 833).
[31] *Id.* at 367.
[32] *Id.* (quoting *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001)).
[33] *Id.* (quoting *Farmer*, 511 U.S. at 842).

Wenhold appears to assert a failure-to-protect claim against Nelson and Marsh. Defendants challenge only the claim against Marsh.

Wenhold's failure-to-protect claim against Marsh is indeed deficient. His single allegation that Marsh knew Robertson was violent and should have been classified as a "z-code" does not establish that Marsh knew that Wenhold was in a situation where he was facing a substantial risk of serious harm from Robertson, nor that Marsh was deliberately indifferent to this risk, nor that Marsh's deliberate indifference caused Wenhold's harm. Put differently, Wenhold's scant allegations do not plausibly show that Marsh had the requisite deliberately indifferent state of mind and they also fail to show causation. The Eighth Amendment claim against Marsh must be dismissed for failure to state a claim.

### B.     Fourteenth Amendment Procedural Due Process

To plausibly state a Section 1983 claim for infringement of procedural due process rights, "a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'"[34]

Wenhold's second amended complaint, liberally construed, could be interpreted as asserting a procedural due process claim against Marsh and Stavola

---

[34] *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006) (quoting *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)).

for placing him in administrative custody even though he was the victim of the January 22 attack. If Wenhold is attempting to assert such a claim, he cannot.

From the documents Wenhold included with his second amended complaint, it appears that he was placed in administrative or protective custody for approximately 44 days.[35] The Supreme Court of the United States has held that disciplinary segregation alone—under conditions that mirror those "imposed upon inmates in administrative segregation and protective custody"—generally does not reflect an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" such that it implicates a protected liberty interest under the Fourteenth Amendment.[36] And the United States Court of Appeals for the Third Circuit has repeatedly held that disciplinary segregation (akin to the administrative custody complained of) for periods much longer than that which Wenhold experienced does not rise to the level of an atypical and significant hardship.[37] Thus, if Wenhold is attempting to assert procedural due process claims against Marsh and Stavola, those claims must be dismissed because Wenhold has not identified a protected liberty interest.

---

[35] *See* Doc. 12-1 at 19-22. Even if Wenhold's administrative custody was longer than 44 days, it would not affect the outcome here. *See infra* note 37.
[36] *Sandin v. Conner*, 515 U.S. 472, 484, 486 (1995).
[37] *See Smith v. Mensinger*, 293 F.3d 641, 654 (3d Cir. 2002) (seven months); *Torres v. Fauver*, 292 F.3d 141, 151 (3d Cir. 2002) (135 days); *Griffin v. Vaughn*, 112 F.3d 703, 705-07 (3d Cir. 1997) (fifteen months); *Dunbar v. Barone*, 487 F. App'x 721, 725 (540 days).

### C. State-Law Negligence Claims

Wenhold alleges that Defendants' actions also constitute common law negligence.[38] These state-law claims are barred by Pennsylvania statutory sovereign immunity.

Commonwealth parties acting within the scope of their employment generally are immune from suit except when immunity is explicitly waived.[39] Pennsylvania's General Assembly has carved out certain limited exceptions from its grant of sovereign immunity to Commonwealth actors.[40] Section 8522(b) of Title 42 of the Pennsylvania Consolidated Statutes provides ten narrow categories[41] where the state has waived its sovereign immunity for claims involving negligent conduct by Commonwealth parties.[42] This state statutory immunity applies to both negligent and intentional torts committed by Commonwealth actors.[43]

Wenhold has not offered any rebuttal to Defendants' argument that his negligence claims are barred by statutory immunity. Therefore, as it plainly appears from the second amended complaint that Defendants were acting within the scope of employment and no exception to immunity applies, the Court must

---

[38] *See* Doc. 12 ¶¶ 1, 2, 4, 5.
[39] *See* 1 PA. CONS. STAT. § 2310; 42 PA. CONS. STAT. §§ 8521, 8522(a).
[40] *See generally* 42 PA. CONS. STAT. §§ 8521, 8522.
[41] The ten exceptions set forth in 42 PA. CONST. STAT. § 8522(b) concern: (1) vehicle liability; (2) medical-professional liability; (3) care, custody or control of personal property; (4) Commonwealth real estate, highways and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody or control of animals; (7) liquor store sales; (8) National Guard activities; (9) toxoids and vaccines; and (10) sexual abuse.
[42] *See id.* § 8522(a), (b).
[43] *See La Frankie v. Miklich*, 618 A.2d 1145, 1149 (Pa. Commw. Ct. 1992).

dismiss the common law negligence claims as barred by Pennsylvania statutory sovereign immunity.

### D. Leave to Amend

Generally, "*in forma pauperis* plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile."[44] This is Wenhold's third pleading attempt. He has also failed to oppose Defendants' motion to dismiss or seek additional leave to amend. Moreover, the claims being dismissed herein are not capable of amendment, so granting leave to amend would be futile. Accordingly, this case will proceed on Wenhold's Eighth Amendment failure-to-protect claim against Nelson only.

### IV. CONCLUSION

Based on the foregoing, the Court will grant Defendants' motion (Doc. 17) for partial dismissal under Federal Rule of Civil Procedure 12(b)(6). An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[44] *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).