IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JORDAN DEAN WENHOLD, | No. 4:22-CV-00105 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| DR. ROBERT MARSH, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

SEPTEMBER 14, 2023

Plaintiff Jordan Dean Wenhold was previously imprisoned at the State Correctional Institution, Benner Township (SCI Benner), located in Bellefonte, Pennsylvania. He filed the instant *pro se* Section 1983[1] action claiming constitutional violations by various SCI Benner officials. His claims have been winnowed to a single Eighth Amendment failure-to-protect claim against one official. Presently pending is that official's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Because Wenhold fails to carry his summary judgment burden on his remaining constitutional tort claim, the Court must grant Defendant's Rule 56 motion.

---

[1] 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

I.   **FACTUAL BACKGROUND**[2]

According to the second amended complaint, the operative pleading in this action,[3] at all times relevant to this lawsuit Wenhold was incarcerated at SCI Benner.[4] He was transferred to SCI Benner on January 9, 2020, and was released to general population the following day.[5] Wenhold was placed into general population with a cellmate, James C. Robertson.[6]

For the first three days, there were no issues between the two cellmates.[7] However, on January 13, Wenhold claims that he felt a little unsafe with Robertson because Robertson "freak[ed] out about his cable being out" and "was getting a little violent."[8] No threats were made against Wenhold that day, and he did not report the incident to anyone.[9]

---

[2]   Local Rule of Court 56.1 requires that a motion for summary judgment be supported "by a separate, short, and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." LOCAL RULE OF COURT 56.1. A party opposing a motion for summary judgment must file a separate statement of material facts, responding to the numbered paragraphs set forth in the moving party's statement and identifying genuine issues to be tried. *Id.* Defendant Unit Manager Nelson filed her statement of material facts, (Doc. 33), but Wenhold failed to respond to that statement. Accordingly, the Court will deem admitted the facts in Nelson's Rule 56.1 statement. *See* LOCAL RULE OF COURT 56.1.
[3]   *See* Doc. 33 ¶ 1.
[4]   *See generally* Doc. 12. Wenhold is currently incarcerated in Berks County Prison.
[5]   Doc. 33 ¶¶ 5-6.
[6]   Doc. 12 ¶ 1; Doc. 33 ¶ 6.
[7]   Doc. 33 ¶ 7.
[8]   *Id.* ¶ 8.
[9]   Doc. 32-1, Wenhold Dep. 14:6-24; Doc. 33 ¶ 9.

The next day, Wenhold claims that Robertson threatened to "beat [him] up," so Wenhold spoke with defendant Unit Manager Nelson about the threat.[10] That same day, Nelson called Robertson to her office and—in Nelson's words—"told him to chill," and explained to Robertson that the events that day (which included a cell search and strip search) were not Wenhold's fault but were the result of "orders from somewhere else[.]"[11] According to Wenhold, he and Robertson then "started opening the bridge to communication [and] working things out."[12]

From January 15 through January 21, there were no physical or verbal altercations.[13] Wenhold asserts that he still wanted to find a new cellmate, so he submitted paperwork on January 21 requesting a transfer.[14] Wenhold avers that he did not speak with Nelson about the cell move or transfer request before the at-issue altercation on January 22.[15]

On January 22, Wenhold claims that—without provocation—Robertson punched him in the back of the head (while Wenhold was using the in-cell restroom) after he had informed Robertson that he was moving out.[16] Wenhold punched back in self defense and a fight ensued that lasted approximately three to

---

[10] Wenhold Dep. 15:2-13; Doc. 33 ¶ 10.
[11] Wenhold Dep. 17:12-16, 18:8-11; Doc. 33 ¶ 11.
[12] Wenhold Dep. 18:22-23.
[13] Doc. 33 ¶ 12.
[14] Doc. 33 ¶ 13.
[15] Wenhold Dep. 23:6-11; Doc. 33 ¶ 14.
[16] Doc. 33 ¶ 15.

five minutes.[17]  Wenhold does not recall any other inmates or corrections officers witnessing the altercation.[18]  He reported the assault later that day to a mental health provider,[19] and was then placed into protective custody.[20]  During his deposition, Wenhold recalled that, although he had not spoken directly to Nelson about his cell transfer request, he learned that she had in fact approved (or was going to approve) the request.[21]

Wenhold filed suit in January 2022.[22]  In his original complaint, he named Nelson, Lieutenant John Stavola, and Superintendent Dr. Robert Marsh as defendants, but failed to include any allegations indicating personal involvement by Stavola or Marsh.[23]  The Court dismissed the claims against Stavola and Marsh but granted leave to amend.[24]

Wenhold then filed an amended complaint, but in his amended complaint he failed to include any of the allegations against Nelson that were present in the original complaint.[25]  He also failed to expressly incorporate or adopt his earlier

---

[17]  *Id.* ¶ 16; Wenhold Dep: 27:21-28:3, 32:3-8.
[18]  Doc. 33 ¶ 17.
[19]  Wenhold Dep. 36:2-9, 38:8-10.
[20]  *See* Doc. 12 ¶ 3.
[21]  Wenhold Dep. 36:8-23.
[22]  *See generally* Doc. 1.
[23]  *See* Doc. 8 at 4-5.  Wenhold's original complaint possibly included a Section 1983 claim against SCI Benner, but that claim was dismissed.  *See id.* at 4 n.14.
[24]  *See* Doc. 9.
[25]  *See generally* Doc. 10.

pleading.[26] The Court presumed that Wenhold was trying to "build on" his prior complaint, explained that such piecemeal pleading was both disfavored by the Court and improper without express incorporation or reference, and gave Wenhold one final opportunity to file an all-inclusive complaint that contained his allegations against Nelson, Stavola, and Marsh.[27]

Wenhold filed his second amended complaint on April 8, 2022,[28] which became the operative pleading in this case. Defendants filed a partial motion to dismiss, which motion was unopposed by Wenhold and ultimately granted by the Court.[29] All claims were dismissed except Wenhold's failure-to-protect claim against Nelson.[30]

Nelson now moves for summary judgment on the remaining Eighth Amendment failure-to-protect claim.[31] Wenhold has failed to respond to Nelson's Rule 56 motion in any way. The deadline for a responsive pleading has long since passed, so Nelson's unopposed motion for summary judgment is ripe for disposition.

---

[26] *See* Doc. 11 at 1 n.4.
[27] *See id.* at 2.
[28] Doc. 12.
[29] *See generally* Docs. 22, 23.
[30] *See* Doc. 23 ¶¶ 1-3.
[31] Doc. 31.

## II. STANDARD OF REVIEW

"One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses."[32] Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[33] Material facts are those "that could alter the outcome" of the litigation, and "disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct."[34]

At the Rule 56 stage, the Court's function is not to "weigh the evidence and determine the truth of the matter" but rather "to determine whether there is a genuine issue for trial."[35] The Court must view the facts and evidence presented "in the light most favorable to the non-moving party" and must "draw all reasonable inferences in that party's favor."[36] This evidence, however, must be adequate—as a matter of law—to sustain a judgment in favor of the nonmoving party on the claim or claims at issue.[37] A "scintilla of evidence" supporting the nonmovant's position is insufficient; "there must be evidence on which the jury

---

[32] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).
[33] FED. R. CIV. P. 56(a).
[34] *EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 262 (3d Cir. 2010) (*quoting Clark v. Modern Grp. Ltd.*, 9 F.3d 321, 326 (3d Cir. 1993)).
[35] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).
[36] *Thomas v. Cumberland County*, 749 F.3d 217, 222 (3d Cir. 2014).
[37] *Liberty Lobby*, 477 U.S. at 250-57; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-89 (1986).

could reasonably find for the [nonmovant]."[38]  Succinctly stated, summary judgment is "put up or shut up time" for the nonmoving party.[39]

## III. DISCUSSION

Nelson contends that Wenhold is unable to meet his Rule 56 burden because he cannot adduce any competent evidence to establish a genuine issue of material fact as to whether Nelson was deliberately indifferent to a serious risk of harm to Wenhold.  The Court is constrained to agree for two reasons.

### A. Failure to Oppose Rule 56 Motion

First, Wenhold has failed to carry his burden at summary judgment because he has not opposed Nelson's Rule 56 motion in any way.  Nelson has not identified any record evidence that would rebut Nelson's contention (and supporting evidence) that she was not deliberately indifferent to a risk to Wenhold's health or safety.  Wenhold has not, for example, pointed to a declaration or affidavit, witness statements, documentary support, or any other evidence that could sustain a verdict in his favor.  In fact, Wenhold has not even filed a response to Nelson's Rule 56 motion, meaning that—pursuant to Local Rule 7.6—the motion is deemed unopposed.[40]

---

[38] *Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 192 (3d Cir. 2015) (quoting *Liberty Lobby*, 477 U.S. at 252) (alteration in original).
[39] *Daubert v. NRA Grp., LLC*, 861 F.3d 382, 391 (3d Cir. 2017) (quoting *Berkeley Inv. Grp. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006)).
[40] *See* LOCAL RULE OF COURT 7.6 (stating that failure to file a brief in opposition to a motion, including one for summary judgment, results in said motion being deemed "unopposed").

At summary judgment, "the non-moving party must oppose the motion and, in doing so, may not rest upon the mere allegations or denials of his pleadings but, instead, must set forth specific facts showing that there is a genuine issue for trial. Bare assertions, conclusory allegations, or suspicions will not suffice."[41] Moreover, "[t]he court need consider only the cited materials" when ruling on a motion for summary judgment.[42] No materials have been provided or cited by Wenhold in opposition to Nelson's Rule 56 motion.

Thus, because Wenhold has failed to establish that there is a genuine issue for trial, the Court is constrained to grant Nelson's motion for summary judgment as to Wenhold's Section 1983 claim against her.

### B.     Merits of Eighth Amendment Claim

A second reason that summary judgment must be granted in Nelson's favor is that, upon consideration of the record, there is no evidence that would sustain a verdict in Wenhold's favor on the failure-to-protect claim.

"Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society."[43] Prison officials, therefore, have "a duty to protect prisoners from violence at the hands of other

---

[41] *Jutrowski v. Township of Riverdale*, 904 F.3d 280, 288-89 (3d Cir. 2018) (alteration omitted) (quoting *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 268-69 (3d Cir. 2014)).
[42] FED. R. CIV. P. 56(c)(3).
[43] *Bistrian v. Levi*, 696 F.3d 352, 366 (3d Cir. 2012), *abrogated on other grounds by Mack v. Yost*, 968 F.3d 311 (3d Cir. 2020) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

prisoners."[44]  However, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety."[45]

To establish an Eighth Amendment failure-to-protect claim against a prison official, the inmate must show that "(1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to [the prisoner's] health and safety, and (3) the official's deliberate indifference caused [the prisoner] harm."[46]  In this context, deliberate indifference is a subjective standard; that is, "the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety."[47]  Actual knowledge or awareness of a substantial risk to an inmate's safety can be proven "in the usual ways, including inference from circumstantial evidence."[48]

Even when viewing the evidence in a light most favorable to Wenhold, there is no evidence establishing deliberate indifference by Nelson.  The only time that Nelson was informed of a potential conflict between Wenhold and Robertson was on January 14, when Wenhold reported to Nelson that Robertson had threatened to

---

[44]   *Id.* (alteration in original) (quoting *Farmer*, 511 U.S. at 833).
[45]   *Farmer*, 511 U.S. at 834.
[46]   *Bistrian*, 696 F.3d at 367.
[47]   *Id.* (quoting *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001)).
[48]   *Id.* (quoting *Farmer*, 511 U.S. at 842).

assault him.  Nelson immediately responded to Wenhold's concerns by calling Robertson to her office that same day and admonishing him to calm down.  Nelson also informed Robertson that the searches conducted that day were not Wenhold's fault but had been ordered by outside authorities.  Wenhold further admits to working things out with Robertson through dialogue shortly thereafter.

Robertson made no threats or took any other assaultive or aggressive action in the ensuing six days, and no additional issues were reported to Nelson (or to any other prison official).  Wenhold acknowledges that, on January 22, he was attacked without provocation.  He additionally concedes that, after he made his transfer request on January 21, he learned that Nelson had approved the request or was going to approve the request.

None of these facts evince deliberate indifference to Wenhold's safety.  They in fact demonstrate the opposite.  The only time Nelson was made aware of a potential problem between Wenhold and Robertson, she took reasonable, corrective action.[49]  So even if the Court would reach the merits of Wenhold's Eighth Amendment claim (despite his failure to oppose the instant Rule 56 motion), Nelson's motion for summary judgment must be granted because there is no record evidence of deliberate indifference by Nelson to Wenhold's safety.

---

[49]   *See Bistrian*, 696 F.3d at 367-68.

## IV. CONCLUSION

Based on the foregoing, the Court must grant Nelson's motion (Doc. 31) for summary judgment. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge